J-S49002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GENE W. MILLER | |
| Appellant | No. 3536 EDA 2015 |

Appeal from the PCRA Order entered November 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0507091-1984

BEFORE:  PANELLA J., and OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.          **FILED JULY 05, 2016**

Appellant, Gene W. Miller, appeals *pro se* from the order dismissing as untimely his latest petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On March 16, 1984, Appellant, then twenty-two years old, stabbed to death a teenaged boy in a vacant lot in Philadelphia. Ultimately,  Appellant entered a guilty to plea to murder generally. The trial court accepted the guilty plea, determined that the degree of guilt was first-degree, and, on October 30, 1984, sentenced him to life in prison without the possibility of parole. After the trial court denied his post-sentence motion in which he sought to withdraw his plea, Appellant filed a timely appeal. We affirmed

---

* Former Justice specially assigned to the Superior Court.

Appellant's judgment of sentence, and our Supreme Court denied his *allocatur* petition on May 4, 1987. **See Commonwealth v. Miller**, 512 A.2d 1290 (Pa. Super. 1986) (Table), *allocatur* denied, 527 A.2d 537 (Pa. 1987).

Over almost the next twenty years, Appellant filed unsuccessful PCRA petitions. Beginning in 2006, and again in 2009, Appellant filed petitions that were denied as untimely and affirmed by this Court. **See Commonwealth v. Miller**, 964 A.2d 441 (Pa. Super. 2008) (Table); **Commonwealth v. Miller**, 62 A.3d 447 (Pa. Super. 2012) (Table).

Undeterred, Appellant filed the instant petition—his eighth—on September 20, 2013. Without first obtaining leave of court, Appellant filed three amended petitions. On June 23, 2015, the PCRA court issued notice of its intent to dismiss Appellant's serial petition without a hearing. Appellant filed a response. The PCRA court dismissed the petition as untimely. This *pro se* appeal follows.

Before addressing Appellant's substantive issues we must first determine whether the PCRA court correctly concluded that Appellant's latest, *pro se* PCRA petition was untimely filed. It was. We explain why below.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to

the time for filing the petition is met. **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2). Finally, the petitioner must plead exceptions to the PCRA's time bar in the petition, not for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). **See also** Pa.R.A.P. 302(a).

Appellant's judgment of sentence became final on July 3, 1987, when the sixty-day period to file writ of *certiorari* under the then-existing United States Supreme Court rules expired. **See** former U.S.Sup.Ct.R. 20.1; 42 Pa.C.S.A. § 9543(b)(3). Therefore, Appellant needed to file the petition at issue by July 5, 1988, in order for it to be timely. As Appellant filed the instant petition over a quarter of a century later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time bar. Initially, we note our agreement with the Commonwealth that the PCRA court did not need to consider the contents of Appellant's amended petitions because they were filed without first obtaining leave of court. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) (providing that leave to amend must be sought). Nevertheless,

- 3 -

the PCRA court, after considering all of these filings, still concluded that

Appellant had failed to meet his statutory burden. The PCRA court reasoned

that

> [Appellant] attempted to invoke the timeliness exception enumerated in 42 Pa.C.S.A. § 9545(b)(1)(iii). [He] argued that the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), constituted an after recognized constitutional right exception to the PCRA time bar. In ***Alleyne***, the United States Supreme Court overruled ***Harris v. United States***, 536 U.S. 545 (2002), and held "that any fact that increases the mandatory minimum is an element [of the crime] that must be submitted to the jury." ***Alleyne***, ***supra*** at 2155 (internal quotation marks omitted). [Appellant] claimed that ***Alleyne*** announced a new constitutional right that should be applied retroactively, and cited to ***Commonwealth v. Munday***, 78 A.3d 661 (Pa. Super 2013) in support. However, the ***Alleyne*** decision is silent with regard to whether it applies retroactively to cases pending on collateral review and upon review, ***Munday*** held that ***Alleyne*** was applicable to cases on direct review at the time of its decision. Therefore, [Appellant] did not successfully invoke the after-recognized constitutional exception, and there was not jurisdiction to address the merits of his claim.

> In his next claim, [Appellant] argued that he should be afforded relief pursuant to ***Miller v. Alabama***, 132 S.Ct. 2455 (2012). In ***Miller v. Alabama***, 132 S.Ct. at 2460, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's probation against 'cruel and unusual['] punishments."

> As an initial matter, in order to involve an exception to the [PCRA's] timeliness provision, there is a requirement that the petitioner file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Pursuant to the after-recognized constitutional exception, the 60-day requirement begins from the date the decision was issued. The United States Supreme Court issued its decision in ***Miller*** on June 25, 2012. However, at this time, [Appellant's] appeal of his previous PCRA petition was pending. For his ***Miller*** claim to be timely, [Appellant] had to file it sixty days from "the

- 4 -

resolution of review of the pending PCRA petition by the highest court in which review is sought." **Commonwealth v. Lark**, 746 A.2d 585, 588 [(Pa. 2000)]. The Pennsylvania Supreme Court denied *allocatur* on March 27, 2013. [Appellant] did not file his petition raising **Miller** until September 20, 2013, well after the 60-day requirement. Therefore, Appellant was untimely in presenting this claim.

Even if his claim were timely, [Appellant] would not have been afforded relief. The **Miller** holding specifically limited itself to juveniles under the eighteen years of age who are sentenced to life without parole for committing the crime of murder. Although [Appellant] was sentenced to life without parole and convicted of murder, he was over the age of 18 at the time of the crime; therefore, the holding of **Miller** was inapplicable.

PCRA Court Opinion, 12/18/15, at 3-4.

The PCRA court also correctly rejected Appellant's equal protection challenge to the application of **Miller**. **See id**., at 4 (quoting **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013)). Finally, the PCRA court noted that Appellant's claims of ineffective assistance of counsel and court bias were waived because they could have been raised on direct appeal or in an earlier PCRA petition. **See id**., at 5. **See also** 42 Pa.C.S.A. § 9544(b).

Like all of his *pro se* filings, Appellant's briefs present a rambling, prolix argument, the meaning of which is hard to decipher.[1] To the extent he attempts to argue new exceptions to the PCRA's time bar, they are waived. **See Burton**. In addition, it is now well settled that the time restrictions of

---

[1] Appellant filed a supplement to his original appellate brief.

the PCRA are not subject to equitable tolling. ***See generally Commonwealth v. Callahan***, 101 A.3d 118, 123 (Pa. Super. 2014). Finally, Appellant cites to the United States Supreme Court's recent decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), wherein the Court ruled that its prior decision in ***Miller*** had full retroactive effect. ***Montgomery*** is inapplicable. As noted, Appellant was an adult when he killed the victim in the vacant lot all those many years ago.

In sum, Appellant's latest PCRA petition is untimely. He has failed to meet his burden of proof with regard to any exception to the timeliness requirements of the PCRA. Thus, the PCRA court correctly concluded that it lacked jurisdiction and properly denied Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016

- 6 -